UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:22-cr-00698-MTS |
| ALESHA CONWAY, | ) |
| Defendant. | ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant Alesha Conway, represented by defense counsel Rebecca Grosser, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count Eight of the charge, the Government agrees to move for the dismissal as to the defendant of Count Seven at the time of sentencing. Moreover, the Government agrees that no further federal prosecution will be brought in this District relative to

1

the defendant possessing with the intent to distribute cocaine base and fentanyl on November 22, 2021, of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The defendant also agrees, pursuant to the guilty plea to Count Eight, to forfeit to the United States all property subject to forfeiture under the applicable statute(s).

## 3. ELEMENTS:

**Count Eight:**

As to Count Eight, the defendant admits to knowingly violating Title 21, United States Code, Sections 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One*, on or about November 22, 2021, within the Eastern District of Missouri, the defendant knowingly possessed a mixture or substance containing a detectable amount of fentanyl;

*Two*, the defendant intended to distribute such fentanyl to another person; and

*Three*, at the time of defendant's possession, the defendant knew she was in possession of a controlled substance.

2

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

During the month of November of 2021, investigators with the Drug Enforcement Administration (DEA) were actively investigating co-defendant Gary Poindexter, and his drug trafficking organization for possessing and distributing illegal narcotics. On November 22, 2021, law enforcement officers executed a federal search warrant at Poindexter's residence located at 6633 Cottingham Drive, Florissant, Missouri. Upon entering the residence, investigators encountered an individual identified as E.B. in the living room. Poindexter was observed exiting a bathroom inside the residence and was immediately apprehended. Investigators also observed Alesha Conway and an individual identified as T.W. appear in the hallway of the residence. Investigators proceeded to search the residence.

Inside the master bedroom, investigators located two plastic bags containing at least 576.5 grams of a mixture or substance containing a detectable amount of fentanyl. Poindexter's three cellular phones, an undetermined amount of United States Currency, and a wallet containing his identification card were found near the fentanyl. The parties agree that the fentanyl found inside the master bedroom was not in the possession of defendant Alesha Conway.

In the guest bedroom, investigators located various boxes containing suspected drug paraphernalia. In the same guest bedroom, investigators located a purse lying on the bed. The purse contained an identification card belonging to Conway. Inside the purse, investigators located numerous knotted plastic bags containing suspected narcotics. Investigators seized the suspected narcotics located inside Conway's purse and later submitted the suspected narcotics to a

3

laboratory. The suspected narcotics were tested and confirmed to be at least 2.91 grams of a mixture or substance containing a detectable amount of methamphetamine, at least 2.05 grams of a mixture or substance containing a detectable amount of cocaine base, and at least 1.71 grams of a mixture or substance containing a detectable amount of fentanyl.

Within the same guestroom, investigators located various boxes containing suspected drug paraphernalia. Such boxes contained numerous plastic bags, rubber bands, grinders, pill presses, and empty capsules. A M&P, 9 millimeter Shield Plus pistol was also located within Poindexter's residence. Investigators determined that Conway was not in possession of such firearm.

If this case were to proceed to trial, an expert witness would testify that the amount methamphetamine, cocaine base, and fentanyl in Conway's possession on November 22, 2021, was inconsistent with possession for personal consumption and was instead consistent with possession for distribution purposes. Furthermore, based on the totality of the evidence, including relevant conduct, the parties agree that Conway is accountable for at least 2.91 grams of methamphetamine, at least 2.05 grams of cocaine base, and at least 1.71 grams of fentanyl, resulting in an aggregate amount of converted drug weight of at least 10 kilograms of converted drug weight but less than 20 kilograms of converted drug weight.

## 5. **STATUTORY PENALTIES:**

**Count Eight:**

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 20 years, a fine of not more than $1,000,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not less than 3 years.

## 6. U.S. SENTENCING GUIDELINES (2023 MANUAL):

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

a. **Chapter 2 Offense Conduct:**

(1) **Base Offense Level:** The parties agree that the base offense level is 14, as found in Section 2D1.1. The parties agree that the quantities of methamphetamine, cocaine base, and fentanyl for which the defendant is accountable, including relevant conduct, is at least 10 kilograms of converted drug weight, but less than 20 kilograms of converted drug weight resulting in the agreed Base Offense Level.

(2) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: none.

b. **Chapter 3 Adjustments:**

(1) **Acceptance of Responsibility:** The parties agree that two levels should be deducted pursuant to Section 3E1.1(a), because the defendant has clearly demonstrated acceptance of responsibility. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

5

(3) **Other Adjustments:** The defendant believes that she satisfies 18 U.S.C. §§ 3553(f)(2), (3), and (4) of the "Safety Valve" pursuant to 18 U.S.C. § 3553(f), as amended by Section 402 of the First Step Act, Pub. L. 115-391, effective December 21, 2018. The parties further recognize that the safety valve provisions of the Sentencing Guidelines, §§ 2D1.1(b)(18) and 5C1.2, have not yet been amended to comport with the changes applied by the First Step Act to 18 U.S.C. § 3553(f). In these circumstances, the government agrees that if defendant does, in fact, satisfy all of the provisions of 18 U.S.C. § 3553(f), defendant may receive a two-level reduction in the Sentencing Guidelines offense level as a variance. In that event, defendant agrees, in exchange for the government's recommendation of this two level downward variance, that defendant will not seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) in the event the Court grants the two-level variance and the Sentencing Commission amends Section 5C1.2 to reflect the safety valve provisions in the First Step Act.

d. **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 10 or 12 depending on the applicability of the Safety Valve. Depending on the underlying offense and the defendant's criminal history, the defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds the defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The defendant has discussed this possibility with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender.

e. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The

defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

    **f. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made above but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

    **a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    **(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

    **(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this

agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c. **Supervised Release**: Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

d. **Mandatory Special Assessment**: Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

e. **Possibility of Detention**: The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision**: The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

  **g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon her interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

  The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

**9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

  In pleading guilty, the defendant acknowledges, fully understands and hereby waives her rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried

10

by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed

mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

2-21-24
Date

/s/ Ricardo Dixon #70026MO

RICARDO DIXON
Assistant United States Attorney

2·22·24
Date

ALESHA CONWAY
Defendant

2/20/24
Date

REBECCA GROSSER
Attorney for Defendant

13